PROB12C (9/14)

# UNITED STATES DISTRICT COURT
## FOR THE
## WESTERN DISTRICT OF WISCONSIN

### PETITION FOR WARRANT TO BE FILED AS A DETAINER FOR OFFENDER UNDER SUPERVISION

**Name of Offender:** Cornelius Stewart  
Dane County, Wisconsin, Jail

**Case Number:** 19-cr-105-wmc-1

**Name of Sentencing Judicial Officer:** Honorable William M. Conley

**Date of Original Sentence:** February 27, 2020

**Offense:** Conspiracy to Utter Counterfeit U.S. Currency, in violation of 18 U.S.C. §§ 371 and 472, a Class D felony

**Original Sentence:** 36-month term of imprisonment, to be followed by a 3-year term of supervised release

**Type of Supervision:** Supervised release

**Date Supervision Commenced:** December 16, 2022

**Assistant U.S. Attorney:** Robert A. Anderson

**Defense Attorney:** To be determined  
*(Murali Jasti previously appointed)*

## PETITIONING THE COURT

☒ To issue a warrant to serve as a detainer.

The probation officer alleges that Cornelius Stewart has violated the following conditions of supervision:

| **Violation** | **Nature of Noncompliance** |
|---|---|
| Mandatory Condition: | "Defendant shall not commit another federal, state, or local crime." |
| | On December 21, 2023, Mr. Stewart was arrested by members of the Wisconsin State Patrol and was subsequently charged with first-degree recklessly endangering safety, knowingly fleeing and eluding an officer, and hit and run. |
| Standard Condition No. 3: | "Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment unless excused by the probation officer or the Court." |
| | On November 17, 2023, Mr. Stewart reported he was still primarily unemployed. He was directed to find employment because his support structure was falling apart. |

| | |
|---|---|
| Special Condition No. 15: | "Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If defendant is eligible for funding from any source to cover the cost of treatment, defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it." |
| | On May 26, 2023, Mr. Stewart was directed to attend mental health counseling to address the difficulties he was having with obtaining and maintaining employment. On November 15, 2023, Mr. Stewart was discharged from mental health treatment prior to successful completion due to his failure to attend scheduled treatment sessions as required. |
| Financial Condition: | "If this judgment imposes a fine or a restitution obligation, it shall be a condition of supervised release that defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervised release in accordance with the Schedule of Payments set forth in the Financial Penalties sheet of this judgment. . . . Pursuant to Pursuant to 18 U.S.C. § 3664(f)(3)(B), he is to begin making nominal payments of a minimum of $50 each month, beginning within 30 days of defendant's release from custody." |
| | On April 6, 2023, Mr. Stewart made one payment of $20 towards his restitution obligation. No other payments have been made during his term of supervised release. |

**Adjustment to Supervision:** Mr. Stewart transitioned from Bureau of Prisons' custody to the community through Rock Valley Community Programs (RVCP) in Janesville, Wisconsin. He received several disciplinary reports while at RVCP including refusal to work (after being terminated from work after failing to attend), insolence on two occasions, violating community conditions on two occasions, refusing to take a drug test, and interfering with staff. Before discharge, Mr. Stewart maintained employment for two weeks at a warehouse through Remedy Staffing, a temporary employment agency. He ended his employment after his discharge from RVCP to relocate to Madison, Wisconsin.

On December 16, 2022, Mr. Stewart began his term of supervised release living with his brother in Fitchburg, Wisconsin. After his release, he worked for a temporary employment agency but has remained mostly unemployed since his release. Mr. Stewart reported working for EVCO Plastics in DeForest, Wisconsin, for a few days, but the employer terminated his employment for poor performance. Mr. Stewart then obtained employment with Sub Zero in Madison for a few weeks and stated he liked the job, but the employer laid him off due to a lack of available hours.

On February 27, 2023, the undersigned officer met with Mr. Stewart at his approved residence. Mr. Stewart was directed to make first restitution payment, as he had been on supervision for over 30 days. Mr. Stewart said his girlfriend would provide money to pay his restitution, and he eventually paid twenty dollars towards his restitution on April 6, 2023. On July 28, 2023, and September 24, 2023, Mr. Stewart was directed to make payments toward his restation. On both occasions, Mr. Stewart advised that he intended to borrow money from his girlfriend, but no restitution payments were made as required.

On May 26, 2023, the undersigned officer and Mr. Stewart discussed his specific challenges maintaining employment. Mr. Stewart reported having issues with authority figures and believed these struggles contributed to his termination from EVCO Plastics. The undersigned officer recommended that Mr. Stewart work with a

mental health treatment provider to learn the skills necessary to help him gain and maintain employment. Mr. Stewart agreed. The treatment provider scheduled an appointment for Mr. Stewart to start mental health treatment on August 8, 2023. Mr. Stewart failed to attend the session as required. On November 15, 2023, Mr. Stewart's mental health treatment was terminated after the treatment provider scheduled several appointments to meet with him, but Mr. Stewart failed to attend the sessions as required.

On September 24, 2023, Mr. Stewart reported that he failed to attend his mental health treatment sessions because he was attending commercial driver's license (CDL) classes at the 160 Driving Academy in Rockford, Illinois. He stated he completed his CDL test the previous week and obtained his CDL license. The undersigned officer asked about attempts to find employment. Mr. Stewart decided against several employment options available to him through the driving school because he did not want to travel long distances. He reported only being interested in employment locally. During the visit, Mr. Stewart voiced interest in working with his cousin, who works with a company that primarily has local routes between Wisconsin and Minnesota.

On November 17, 2023, the undersigned officer met with Mr. Stewart, and he advised that the job with his cousin fell through. He reported applying for several jobs in the Madison area; however, none of potential employers called him back. The undersigned officer counseled Mr. Stewart on effective strategies to gain employment and instructed him to find employment soon, as his support structure was falling apart. During an October 2023 contact, the undersigned officer reminded Mr. Stweart that his brother kicked him out of his residence briefly. The undersigned officer advised Mr. Stewart that he could not continue to live off others indefinitely.

On December 21, 2023, a member of the Wisconsin State Highway Patrol contacted the undersigned officer regarding Mr. Stewart's arrest in connection with an on-going Dane County, Wisconsin, investigation. The December 22, 2023, online edition of the *Wisconsin State Journal* reported the following information regarding the incident: A Dane County, Wisconsin, Sheriff's Office deputy conducted a traffic stop on a white Buick sedan, which the deputy believed was connected to a fraud investigation. While the deputy was trying to question the two men in the vehicle, they drove away, hitting the deputy in the process. The suspects then turned into the parking lot of Wisconsin Heights High School, in Mazomanie, Wisconsin, where another deputy pinned the vehicle with his squad car. The two suspects then ran from the vehicle in different directions. Deputies searched the area for the individuals, and both were apprehended by law enforcement. The high school was in lockdown during the search. Students and staff were not allowed to leave until the suspects were arrested.

Mr. Stewart was arrested on allegations of first-degree recklessly endangering safety, knowingly fleeing and eluding an officer, and hit and run. Mr. Stewart is currently detained in the Dane County, Wisconsin, Jail awaiting his initial appearance in Dane County, Wisconsin, Circuit Court. An initial appearance has yet to be scheduled.

**Probation Officer's Recommendation:** The probation office respectfully recommends that Your Honor issue a warrant for Cornelius Stewart to be served as a detainer to return him to Court to show cause why his term of supervised release should not be revoked.

Assistant U.S. Attorney Robert Anderson was notified of this recommendation.

**Penalties:** Pursuant to 18 U.S.C. § 3583(e)(3), if the term of supervised release is revoked, the statutory maximum term of imprisonment is three years because the offense of conviction is a Class D felony.

The most serious alleged violation in this case is classified as a Grade B violation, pursuant to USSG § 7B1.1(a)(2). A Grade B violation coupled with Criminal History Category IV results in an advisory guideline range of imprisonment of 12 to 18 months if the term of supervised release is revoked.

Pursuant to 18 U.S.C. § 3583(h), another term of supervised release is authorized to follow imprisonment. The statutory maximum term of supervised release that can be re-imposed is 36 months, less any term of imprisonment

imposed upon revocation, pursuant to 18 U.S.C. § 3583(b)(2).

**Standard Conditions**

The following information is provided for consideration with respect to the revocation proceedings in this matter. Pursuant to the Seventh Circuit Court of Appeals decisions in *United States v. Thompson, et al.*, 777 F.3d 368 (7th Cir. 2015), a sentencing judge must give a reason, consistent with the sentencing factors set forth at 18 U.S.C. § 3553(a), for any non-mandatory condition of supervision.

The standard and special conditions of supervised release that were imposed at the time of original sentencing on February 27, 2020, were reasonably related to the offense of conviction, as well as the personal history and characteristics of Mr. Stewart.

The standard conditions of supervision, as set forth in 18 U.S.C. §§ 3563(b) and 3583(d), have been established by policy of the Judicial Conference, as informed by U.S. Sentencing Commission policy statements in §§5B1.3 and 5D1.3. The District Court for the Western District of Wisconsin has adopted some modifications as a result of Seventh Circuit case law. These standard conditions, adopted from 18 U.S.C. §§ 3563(b) and 3583(d) and numbered below, identify the basic requirements, expectations, and limitations for defendants and address corresponding risk-related or recidivism-related factors. The standard conditions provide probation officers with the means to monitor the conduct of defendants who are under court-ordered supervision by matching supervision and programming to factors correlated with risk.

| STANDARD CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|
| 1) Defendant shall not knowingly leave the judicial district in which defendant is being supervised without the permission of the Court or probation officer. | To provide community protection, rehabilitation for defendant, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C);<br>18 U.S.C. § 3563(b)(14);<br>18 U.S.C. § 3603(2) and (7);<br>USSG §5B1.3(b)(1)(A), (C), (D) and (b)(2);<br>USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 2) Defendant is to report to the probation office as directed by the Court or probation officer and shall submit a complete written report within the first five days of each month, answer inquiries by the probation officer, and follow the officer's instructions. The monthly report and the answer to inquiries shall be truthful in all respects unless a fully truthful statement would tend to incriminate defendant, in violation of defendant's constitutional rights, in which case defendant has the right to remain silent. | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance.<br>18 U.S.C. § 3553(a)(1), (a)(2)(B), (C) and (D);<br>18 U.S.C. § 3563(b)(15) and (17);<br>18 U.S.C. § 3603(2), (3), (4) and (7);<br>USSG §5B1.3(b)(1)(B)(C), (D), (E) and (b)(2);<br>USSG §5D1.3(b)(1)(B), (C), (D) and (b)(2). |

| 3) | **Defendant shall maintain lawful employment, seek lawful employment, or enroll and participate in a course of study or vocational training that will equip defendant for suitable employment, unless excused by the probation officer or the Court.** | Evidence based practice research indicates that lawful, stable employment and education are pro-social activities that reinforce the rehabilitation of defendant. Employment and education have been identified as risk factors for recidivism. 18 U.S.C. § 3553(a)(2)(B), (C) and (D); 18 U.S.C. § 3563(b)(4) and (5); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(C), (D) and (E); USSG §5D1.3(b)(1)(B), (C) and (D). |
| --- | --- | --- |
| 4) | **Defendant shall notify the probation officer within seventy-two hours of any change in residence, employer, or any change in job classification.** | To provide community protection, rehabilitation for defendant, to ensure officer and defendant safety, and to enable the supervising probation officer's statutory duty to keep informed of defendant's location, conduct, condition, and compliance. 18 U.S.C. § 3553(a)(2)(C); 18 U.S.C. § 3563(b)(13), (15), (16) and (19); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(D) and (b)(2); USSG §5D1.3(b)(1)(C). |
| 5) | **Defendant shall not purchase, possess, use, distribute, or administer any narcotic or other controlled substance, or any paraphernalia related to such substances, except as prescribed by a physician. Defendant shall not use any product containing cannabidiol (CBD) or tetrahydrocannabinol (THC), except as prescribed by a physician.** | Evidence based practice research indicates the use of illicit chemicals is a risk factor for recidivism. This condition is recommended to assist with defendant's rehabilitation, officer and defendant safety, and to protect the public. 18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(7); 18 U.S.C. § 3603(3); USSG § 5B1.3(b)(1)(A), (B), (C) and (D); USSG § 5D1.3(b)(1)(A), (B) and (C). |
| 6) | **Defendant shall not visit places where defendant knows or has reason to believe controlled substances are illegally sold, used, distributed, or administered.** | Evidence based practice research indicates that frequenting places where illicit chemicals are sold, used, distributed or administered increases the risk that defendant will purchase, use or possess illicit chemicals. Individuals involved in the distribution of illicit chemicals present a risk of peer association as identified in the research. This condition supports rehabilitation of defendant and promotes public safety. 18 U.S.C. § 3553(a)(1), (a)(2)(B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B) and (C). |

| | | |
|---|---|---|
| 7) | **Defendant shall not meet, communicate, or spend time with any persons defendant knows to be engaged in criminal activity or planning to engage in criminal activity.** | Evidence based practice research indicates that association with peers involved in criminal activity increases the risk of recidivism. This condition promotes and encourages pro-social relationships that are conducive to a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(6); 18 U.S.C. § 3603(3); USSG §5B1.3(b)(1)(B), (C) and (D); USSG §5D1.3(b)(1)(B) and (C). |
| 8) | **Defendant shall permit a probation officer to visit defendant at home, work, or some other mutually convenient location designated by the probation officer at any reasonable time and shall permit confiscation of any contraband observed in plain view by the probation officer.** | Community contacts ensure compliance with court-ordered conditions and assist defendant in maintaining a law-abiding lifestyle.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B), and (C); 18 U.S.C. § 3563(b)(13), (15), (16) and (17); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG§ 5B1.3(b)(1)(A), (B), (C), (D) and (b)(2); USSG §5D1.3(b)(1)(A), (B), (C) and (b)(2). |
| 9) | **Defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer.** | To provide for community safety and rehabilitation of defendant.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG § 5B1.3 (b)(1)(A), (B), (C) and (D); USSG § 5D1.3 (b)(1)(A), (B) and (C). |
| 10) | **Defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the Court.** | Evidence based practice research indicates contact with criminals and potential involvement in facilitating other crimes sanctioned by law enforcement officers directly contradicts the condition of no new offenses and criminal associations, which are risk factors for recidivism. Therefore, strict monitoring by the Court/probation office is necessary for the safety of the community, defendant, and the supervising probation officer.<br>18 U.S.C. § 3553(a)(1), (a)(2)(A), (B) and (C); 18 U.S.C. § 3563(b)(5), (6), (15), (17) and (18); 18 U.S.C. § 3603(2), (3), (4) and (7); USSG §5B1.3(b)(1)(A), (B), (C) and (D); USSG §5D1.3(b)(1)(A), (B) and (C). |
| 11) | **Defendant shall report to the probation office in the district to which defendant is released within 72 hours of release from the custody of the Bureau of Prisons, unless instructed by a U.S. probation officer to report within a different time frame.** | To review and clarify conditions of supervision imposed by the court at sentencing. To assist with risk and needs assessment, monitoring requirements, release planning, and program referrals. To set goals for supervision. 18 U.S.C. § 5363(b)(15); USSG §§ 5B1.3(c)(1); USSG § 5D1.3(c)(1). |

| | | |
|---|---|---|
| 12) | **Defendant shall not possess a firearm, ammunition, destructive device, or dangerous weapon.** | To comply with statutory provisions. To provide for community safety, as well as the safety of the supervising U.S. probation officer.<br>18 U.S.C. §§ 921 and 922; 18 U.S.C. § 5363(b)(10); USSG § 5D1.3(c)(10); and *U.S. v. Armour*, 804 F.3d 859, 869 (7th Cir. 2015). |

### Special Conditions

The following special conditions, in addition to the mandatory conditions, would be recommended if an additional term of supervision is deemed appropriate by the Court:

| | SPECIAL CONDITIONS OF SUPERVISION | JUSTIFICATION |
|---|---|---|
| 13) | **Provide the supervising U.S. Probation Officer any and all requested financial information, including copies of state and federal tax returns.** | Based on defendant's limited employment history and the need to monitor his ability to support himself through legitimate means. He has also failed to make monthly payments towards his restation. |
| 14) | **Submit person, property, residence, papers, vehicle, or office to a search conducted by a U.S. Probation Officer at a reasonable time and manner, whenever the probation officer has reasonable suspicion of contraband or of the violation of a condition of release relating to substance abuse or illegal activities: failure to submit to a search may be ground for revocation; defendant shall warn any other residents that the premises defendant is occupying may be subject to searches pursuant to this condition.** | Based on the nature of the offense of conviction, which is a conspiracy to utter counterfeit U.S. currency; the need to protect the public from further criminal activity perpetrated by defendant, as suggested by his criminal history; his conduct on supervised release; and the need to ensure the safety of the supervising U.S. Probation Officer. |
| 14) | **Participate in mental health referral, assessment, and treatment as approved by the supervising U.S. Probation Officer and comply with all rules, regulations, and recommendations of the mental health agency or its representative to the extent approved by the supervising U.S. Probation Officer. If the defendant is eligible for funding from any source to cover the cost of treatment, the defendant is to make reasonable efforts to obtain such funding. Participation in treatment does not require payment by defendant unless it is clear defendant can afford it.** | Based on the nature of defendant's mental health history, including his history of committing violent offenses, and his family circumstances. |
| 15) | **Not participate in any form of gambling, including the purchase of lottery tickets, or patronize any gambling facilities and shall participate in a gambling addiction program or individual counseling, as approved by the supervising U.S. Probation Officer.** | Based on defendant's criminal history involving arrests for gambling. |

**Mandatory Conditions - 18 U.S.C. § 3563(a) and 18 U.S.C. § 3583(d)**

- Defendant shall not commit another federal, state, or local crime. [Note: Any defendant that has been convicted of a felony offense, or is a prohibited person, shall not possess a firearm, ammunition, or destructive device pursuant to 18 U.S.C. §§ 921 and 922.]

- Defendant shall not illegally possess a controlled substance. The defendant is subject to drug testing according to 18 U.S.C. §§ 3563(a)(5) and 3583(d).

- Defendant shall cooperate with the collection of DNA by the U.S. Justice Department and/or the U.S. Probation and Pretrial Services Office as required by Public Law 108-405.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on December 22, 2023

/s/

Jelani D. Brown
U.S. Probation Officer

THE COURT ORDERS:

☒ The issuance of a warrant to be filed as a detainer. THE ORDER IS TO REMAIN UNDER SEAL UNTIL ARREST, WITH THE EXCEPTION THAT IT MAY BE DISSEMINATED TO LAW ENFORCEMENT.
☐ The issuance of a summons.
☒ The appointment of counsel if defendant is indigent.
☒ The probation office is authorized to release to the parties any police reports or other evidence that the probation office has obtained to support the basis for the alleged violations.
☐ Other:

Honorable William M. Conley
U.S. District Judge

*December 22, 2023*
Date